Dear Mr. Bourgeois:
You have requested the opinion of this office on behalf of the Lafourche Parish Hospital Service District No. 2, which is operating as St. Anne's General Hospital, on the following issue:
 Is a hospital service district (HSD) prohibited from purchasing real estate and/or operating a physician clinic outside of the geographical boundaries of the district if there is no agreement to do so with another political subdivision where the proposed clinic is to operate?
We do not find any authority for a HSD own a facility outside the boundaries of the district. R.S. 46:1074, which is part of the law designated as the Enhanced Ability to Compete amendment to the hospital service district legislation, gives to districts the authority to "acquire, construct, and maintain medical office buildings and facilities. . .". However, this section is silent on the location of such facilities outside the boundaries of a district, although such a provision could have easily and appropriately been included in this expansion of authority for HSDs.
R.S. 46:1051-1069, the statute which authorizes and empowers hospital service districts, pays significant attention to the issue of boundaries between such districts. R.S. 46:1051A provides:
 The police juries of parishes are authorized and empowered, upon their own initiative to form and create one or more hospital service districts within the respective parishes, or with agreement among police juries concerned, to combine two or more parishes into a single hospital service district with such names as the police juries may designate, and, in so doing, police juries may create hospital service districts whose boundaries overlap those of other hospital service districts.
This provision gives police juries broad and diverse authority to create and alter boundaries for hospital service districts, even to the point of one HSD overlapping the territory of another HSD. This suggest that if the police jury sees the need to place a facility outside of existing HSD boundaries, the appropriate action would be to alter the boundary, rather than to build outside of the established boundary of the district. The law is also clear that the police jury, not the board of commissioners of the HSD must take such action.
Opinion Number 96-117 of this office recently addressed the second portion of your request and concluded that hospital service districts may enter into cooperative endeavor agreements with other public entities to provide health care services outside of the boundaries of the district.
R. S. 46:1077 provides in pertinent part:
 In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service.
Opinion Number 96-117 further advises:
 Clearly, this statute is intended to grant hospital service districts broad authority to enter into what might otherwise be considered unorthodox arrangements for the provision of health care. However, the statute cannot, in our opinion, be interpreted to provide hospital service districts (or the municipality in question) with the ability to act extrajudicially unless a significant "hospital health service" will thereby be provided to the citizens the district or municipality is bound to serve.
This reasoning would appear to equally applicable to St. Anne General Hospital. Therefore, in order to provide services outside of its district boundaries, there would have to be a cooperative endeavor with another entity for the provision of such services in an area served by that entity and the cooperative endeavor must result in the availability of needed services to the residents of the district entering into the agreement.
Such a situation may arise where neighboring hospital service districts cooperate to purchase an expensive and valuable piece of medical equipment which could not be efficiently utilized by either district alone, but could be economically justified with patients from both facilities utilizing the equipment.
I trust that this answers your inquiry. Please let us know if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General